## Nichols *v.* Hotchkiss.

### In the Court below,

MEDAD HOTCHKISS, *q. t. Plaintiff ;* JOHN NICHOLS, *Defendant.*

THIS was an action *qui tam*, on the statute, (a) to recover the penalty for receiving a conveyance of a moiety of a mill seat, from *James Downey* and his wife, while they and the defendant were out of possession, and the plaintiff was in, holding adversely.

In a *qui tam* action on the statute, for receiving a deed of a piece of land, while the grantor was out of possession, and the plaintiff was in, holding adversely, it appeared, that the grantor, after giving the deed in question to the defendant, had given a quit-claim deed of the same land to the plaintiff ; held, first, that the mere parol declarations of the grantor, made before the execution of the quit-claim deed to the plaintiff, were not evidence for the plaintiff to prove that, at the date of the defendant's deed, the plaintiff's possession was an adverse one ; and, secondly, that the grantor was a competent witness for the defendant, to explain the character of the plaintiff's possession, at the time specified.

On trial to the jury, on the general issue, the plaintiff offered in evidence the declarations of *Downey* and his wife, to prove the adverse possession of the plaintiff. Those declarations were stated to have been made at the time the plaintiff took possession, and between that time and the conveyance to the defendant ; and were to this effect, that they had sold their part of the premises to the plaintiff, and had put him in possession, and had quit the same to him. To the admission of this evidence the defendant objected, because *Downey* and his wife were then in court, and might speak for themselves. The Superior Court over-ruled the objection, and admitted the evidence. In the further progress of the trial, the defendant offered *Downey* and his

(a) *Stat.* 266, *edit.* 1796.

R

wife, as witnesses, to prove, that the plaintiff's possession was not an adverse one, but that they put him into possession to hold under them, until he had, from the rents and profits, reimbursed a sum of money, which he had expended for repairs. The plaintiff objected to their competency, because they had, since the plaintiff took possession, and also since the conveyance to the defendant, executed a quit-claim deed of the premises to the plaintiff, which their testimony, if admitted, would impeach. The Superior Court, on this ground, excluded them. The defendant filed a bill of exceptions, embracing both points ; and thereupon brought the case before this Court.

*Ingersoll*, and *Staples*, for the plaintiff in error.

I. The declarations of *Downey* and his wife were mere hearsay evidence, and as such ought to have been rejected. There is no instance in which you may prove what a person, not a party, has said, without being under oath, except to impeach a witness, to prove pedigree, &c. But it may be said, that the plaintiff below had a right to the declarations of *Downey* and his wife, as persons under whom the defendant claims. The reason why the confessions of the grantor of the party may be proved, is, because the latter stands in the place of the former, and a recovery, against the one of course subjects the other. The interest of the grantee is the interest of the grantor ; and in that case, the grantor cannot be compelled to testify. But *Downey* and his wife had no interest in the event of the suit. They were not only competent witnesses for the plaintiff, but might have been compelled to testify.

Admitting, however, that this is a case in which the declarations in question were admissible; yet they ought to be taken from the fountain head, and not at second hand. *Downey* and his wife were in court; and if their declarations were evidence, surely they should have been taken from them. They were certainly the best witnesses to testify to what they had said and done.

It will be urged, that these declarations of *Downey* and his wife were declarations made accompanying a fact, and were a part of the transaction to be proved, relying on the case of *Bateman* v. *Bailey*, (b) as in point. The first answer to this is, that it does not prove the point. The question on this part of the argument is, not whether the declarations were proper to be proved at all, so much as *by whom* they should be proved. The case cited is not applicable. It only proves, that in a proceeding by creditors against a bankrupt, for a bankruptcy, *a crime*, the confessions of the bankrupt are admissible. If the declarations *constitute* the fact, you may prove them by other persons the same as any other facts. But the declarations here were not the fact; but from them another fact was to be inferred, to wit, that the plaintiff was in possession holding adversely.

2. *Downey* and his wife, when offered as witnesses for the defendant, were improperly rejected. The sole ground of rejecting them was, that they had given a quit-claim deed. Admitting that the rule of law confining objections of this sort to negotiable instruments is too narrow, and that it ought to be extended to all written instruments whatever; what part of this quit-claim deed were *Downey* and his wife called upon to oppugn? They were offered to prove, that the plaintiff was in under them, at the time their deed to the defendant was given. This was not inconsistent with the quit-claim deed. It went to shew, it is true, that, at the time the defendant purchased, he might lawfully purchase; but did not oppose any thing in the quit-claim deed. The rule is, that a witness shall not be permitted to testify against and in opposition to what he has covenanted under his own hand is true. He shall not covenant, that certain things are true, and then come into court, and swear they are false. But, did *Downey* and his wife covenant any thing by their quit-claim deed? Was not the language of it, that they had no title, and that they neither did, nor would covenant, that they had any? A quit-claim deed is merely a relin-

(b) 5 *Term Rep.* 512.

1805.

NICHOLS
*v.*
HOTCHKISS.

quishment of the claims of the grantor ; and operates only as an estoppel upon the grantor. For *Downey* and his wife to say, that they now own this land, would be to contradict the stipulations of the quit-claim ; but for them to say, that the title is, and ever has been, in another person, would not, in the least, contravene the stipulations of this deed.

But, on another ground, we contend, that the plaintiff can never set up this deed to exclude our witnesses. At the time he commenced this suit, the defendant had an interest in the testimony of these witnesses. After the commencement of the suit, the plaintiff took this deed. Shall he, by it, exclude our witnesses? *Non constat* but that he took it for that very purpose. If this scheme will answer, it would not be difficult for the plaintiff to exclude all our witnesses; for they might all safely give quit-claim deeds of the land in question.

*Baldwin*, and *Smith*, (of New-Haven) for the defendant in error.

1. The parol declarations objected to were the confessions of the owner of the estate. The person afterwards taking a deed, receives it *cum onere.* The prior declarations of the grantor, like his prior acts, must affect the person who stands *in his shoes.* To establish the admissibility of this evidence, the following cases were cited: *Foster* v. *Williams*, (*c*) *Davies* v. *Pierce*, (*d*) *Bateman* v. *Bailey*, (*e*) *Kempland* v. *Macauley*, (*f*) and *De Witt* v. *Baldwin*. (*g*)

2. The Superior Court were correct in excluding *Downey* and his wife, on the objection of the plaintiff, from testifying to that, which went to invalidate their deed to him : That is, they were correctly excluded from testifying, that the plaintiff was to hold the estate only until paid his debt out of the

(*c*) *Cowp.* 621.　　　　　　　(*d*) 2 *Term Rep.* 53.
(*e*) 5 *Term Rep.* 512.　　　　(*f*) *Peake's Ca.* 65.
(*g*) 1 *Root* 138.

rents and profits. They had given the plaintiff a quit-claim deed, and could not be permitted to vary its effect. *Walton* v. *Shelly*, (*h*) *Jordaine* v. *Lashbrooke*, (*i*) *Allen* v. *Holkins*, (*j*) *Fowler* v. *Norton*, (*k*) *Baker* v. *Arnold*, (*l*) *Stille* v. *Lynch*, (*m*) and *Wilson* v. *Lenox*, (*n*) were cited.

The deed to the plaintiff, although a quit-claim, was an affirmance of property conveyed; and was as much invalidated, by proving a condition to it, as a deed of warranty would be. The rule is, it shall not be varied; it shall operate *per se.*

By the Court, unanimously, the judgment was reversed. Some member was appointed to draw the reasons ; but this was never done. The reporter has understood, that, when the case was under consideration, there was, on the first point, no diversity of opinion, all the Court holding, that the declarations of *Downey* and his wife were inadmissible. On the second point, Ellsworth, *Asst.* remarking, that it was competent for *Downey* and his wife to give the evidence offered, as there was no covenant in the quit-claim deed, Hosmer, *Asst.* replied as follows : I do not assent to that proposition. A deed of release is a common mode of assurance ; and most generally is intended, *in this State*, to pass the estate without covenants. But it is very different from the English release. It is here a primary conveyance, and not secondary, as in that country. It differs from a deed of grant without express warranty only in this, that no warranty is *implied*. The objection does not proceed exclusively on the ground, that a man is estopped by his covenants ; but that no person shall be permitted to act so base a part as to impugn a deed he has once given. I am of opinion, however, that the testimony of *Downey* and his wife was inadmissible, not merely on the ground

(*h*) 1 *Term Rep.* 296.  
(*j*) *Ante, vol.* 1 *p.* 17.  
(*l*) 1 *Caines* 231.  
(*n*) 1 *Cranch* 194.

(*i*) 7 *Term Rep.* 601.  
(*k*) 2 *Root* 231.  
(*n.*) 2 *Dal.* 194.

1805.

NICHOLS
*v.*
HOTCHKISS.

that *it invalidated their deed*, but because it was *in contradiction of it*. The object was to shew, that the plaintiff had an estate *defeasible*, which by the deed, appeared to be absolute. If the testimony were admissible, it must have been on this ground, that the inquiry related to a point of time *anterior* to the deed. The question was, what was the character of the plaintiff's possession, at the date of the defendant's deed, which was some time before the quit-claim to the plaintiff. Was he in, claiming to hold *adversely* ; or, was he the mere tenant of *Downey* and his wife ? In my mind, it was doubtful, whether *Downey* and his wife might not explain this transaction. Indeed, I think they might ; for this does not contravene the deed. *That* speaks for itself ; but the character of the possession, at the date of the deed to the defendant, was before the existence of the release to the plaintiff ; and that can have no possible effect upon it.

Relative to the admissibility of the parol declarations, I consider the error of the Superior Court as very apparent. The witnesses, *Downey* and his wife, were in court ; to their testimony the defendant made no objection. What prevented their testifying ? Nothing, but the determination of the plaintiff. *He*, then, opposed the testimony, but wished to avail himself of their declarations, when out of court, and not under oath. I can find no principle, and sure I am, none has been adduced, which countenances their rejection. In all the cases cited, the witnesses were *dead*, or *interested* and inadmissible ; and the party against whom they would have been offered, if disinterested, and to be had, discovered no willingness that they should testify.

The point may be made more perspicuous by a few remarks. Parol declarations are admissible, either *from the nature of the subject to which they apply*, or by reason of the relation, which the person sustains, against whom they are to be used.

1. As to the nature of the subject. When they are the best testimony the nature of the case admits of, parol declarations of disinterested persons are admissible. Therefore, *possession* may be proved, by parol declarations of tenants who are since dead, or have become interested ; *prescriptive rights* may be thus proved ; so may *pedigrees, the deaths of persons in foreign lands, the boundaries of parishes,* &c. But this exception to the general rule against hearsay, is because the reason of the primary rule does not apply. On this principle, the declarations of a bankrupt relative to his motives for denying himself to his creditors, and the admissions of debtors when the action is against the garnishee, are received. This includes all the cases cited.

2. The relation in which the person is, against whom the testimony is used, will render parol declarations proper. For example, the confessions of a man against himself, who is party to the suit, and as against those who claim under him, in many cases, are admissible. But in the principal case, there is nothing in the parol declarations of *Downey* and his wife, which should make them evidence against the defendant, so long as *Downey* and his wife are *present*, capable of testifying, and no objection is made to their testimony.